FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 20 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

MARIE L. BANKS-GERVAIS,

        Plaintiff,

v.

SAFELINK WIRELESS TELEPHONE,[1]

        Defendant.

------------------------------------------------------------

**MEMORANDUM & ORDER**
18-CV-1520 (RJD)

DEARIE, District Judge:

Marie Lourdes Banks, also known as Marie L. Banks-Gervais, acting pro se, filed this in forma pauperis actions seeking damages. The Court finds that plaintiff's financial status qualifies her to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis is granted. For the reasons set forth below, however, the complaint is dismissed for lack of subject-matter jurisdiction.

BACKGROUND

Plaintiff filed this complaint on March 8, 2018. Although most of it contains spectacular allegations typical of many of the complaints that Plaintiff has filed in this Court over the years, the impetus for its filing is a cellphone by Safelink with free telephone minutes issued to her by a social worker at Kings County Hospital. It is difficult to tell what the issue is with this

---

[1] Although not in the caption, Plaintiff adds in the defendants section of the body of the form complaint the following entities: September 11 Coalition, Community Army Neighborhood, 103 Precinct, 81 Precinct, Haitian American United for Progress. The Court declines to construe them as defendants to this action because Plaintiff makes no allegations against them in this complaint. The Clerk of Court is respectfully requested to correct the docket sheet.

1

cellphone, but as best the Court can tell, she alleges that the minutes were stolen somehow and that she was told that it was a problem for her to possess more than one subsidized phone. She seeks damages.

## LEGAL STANDARD

Under 28 U.S. C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (holding that a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

A court must construe a pro se litigant's pleadings liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and a pro se complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a pro se plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." Wilber v. U.S. Postal Serv., No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

2

Federal courts are courts of limited jurisdiction and may not hear a case absent subject-matter jurisdiction. Exxon Mobil Corp. v. Allanattah Servs., Inc., 545 U.S. 546, 552 (2005); Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject-matter jurisdiction cannot be waived, United States v. Cotton, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court sua sponte, Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011)("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). When a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see also Fed.R.Civ.P. 12(h)(3).

## DISCUSSION

The Court has reviewed the complaint with its liberal eye afforded to pro se litigants and with particularized knowledge of both Plaintiff's challenging personal history and her extensive litigation history in this Court. And yet, even with this generous view, nothing in the complaint suggests the existence of a "colorable federal claim" that would invoke federal question jurisdiction. See Chestnut v. Wells Fargo Bank, N.A., No. 11-CV-5369, 2012 WL 601785, at *3 (E.D.N.Y. Feb. 22, 2012). Nor does the case meet the requirement for diversity jurisdiction since the amount in controversy falls nowhere near the minimum of $75,000.00. See 28 U.S.C. § 1332. Accordingly, the complaint is dismissed for lack of subject-matter jurisdiction. Manway Constr. Co. Inc. v. Hous.Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983); see also Fed.R.Civ.P. 12(h)(3).

In addition, a court may dismiss a claim as "factually frivolous" if the sufficiently well-pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic." or "delusional." Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)) (quotation marks omitted). The Court finds that Banks's complaint is clearly baseless, and is subject to dismissal on that basis as well. 28 U.S.C. § 1915(2)(B)(i); Denton, 504 U.S. at 34 ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

Ordinarily the Court would allow plaintiff an opportunity to amend her pleading, Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000), but such an opportunity is not warranted here, as it is clear from the face of the complaint that any such amendment would be futile and would not invoke the Court's subject matter jurisdiction.

## CONCLUSION

Accordingly, the instant *pro se* complaint is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), and because it is factually frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's application for the court to request the appointment of counsel is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED/

s/ RJD

Raymond J. Dearie
United States District Judge

Dated: March 20, 2018
Brooklyn, New York